```
              UNITED STATES  DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

RUDY J. MELERINE                                  CIVIL ACTION

versus                                            NO. 06-7913

ALLSTATE INSURANCE COMPANY                        SECTION: E/4
et al

## ORDER AND REASONS

Plaintiff Rudy Melerine's ("Melerine") motion to remand to the 34th Judicial District Court for the Parish of St. Bernard is before the Court. Record document #6. Defendant Allstate Insurance Company ("Allstate") opposes the motion. After considering the motion, memoranda, the record and the law, the motion to remand is GRANTED.

## FACTS AND PROCEDURAL BACKGROUND

Melerine's home in St. Bernard Parish was destroyed by Hurricane Katrina.[1] Melerine had homeowner's policy of insurance issued by Allstate, a foreign insurer doing business in Louisiana, purchased through defendant The Chumney Agency, ("Chumney"), an agent of Allstate. Chumney is a Louisiana domiciliary. According to the Petition, Allstate has failed to fairly and properly adjust the claim under the homeowner's policy, and Chumney failed to properly advise Melerine and to procure adequate insurance to protect his property. Melerine filed suit in state court against defendants; Allstate removed the suit to federal court alleging diversity jurisdiction.

---

[1] See, generally, Petition for Damages.

Allstate argues that complete diversity exists because Chumney is improperly joined in an attempt to defeat diversity jurisdiction, and that the jurisdictional amount of $75,000.00 is met[2]. Allstate also argues misjoinder and that the claims against Chumney are perempted pursuant to La.R.S. 9:5606.

## ANALYSIS

A civil action filed in a state court may generally be removed if the federal court has original jurisdiction. 28 U.S.C. §1441(a). Statutes conferring removal jurisdiction are strictly construed in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand. Manguno, 276 F.3d at 723.

Improper joinder must be proved by the removing party "with particularity and supported by clear and convincing evidence."

---

[2] There is no dispute that the claim is for more than $75,000.00.

-2-

Doe v. Cutter Biological, 774 F.supp. 1001, 1003 (E.D.La. 1991)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3723, at 343 (2 ed. 1985)).  To determine whether there is improper joinder, the court may "pierce the pleadings" and consider summary judgment type evidence.  Parker v. Lexington Ins. Co., 2006 WL 3328040, *1 (E.D.La 11/15/2006) *citing* Travis v. Irby, 326 F.3d 644, 648049 (5th Cir. 2003).  The purpose of the inquiry is "only to identify the presence of discrete and undisputed facts that would preclude [plaintiffs'] recovery against the in-state defendant."  Botnick v. Vigilant Insurance Co., 2006 WL 2947912, *7 (E.D.La), *citing* Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573-74 (5th Cir. 2004).  When removal is based on diversity jurisdiction, as here, Louisiana law applies to the substantive issues.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

   This Court has numerous motions to remand pending in cases similar to this one, most of which present substantially the same legal issues.  The legal standards for improper joinder, and for Louisiana law regarding the duties of an insurance agent to the insured, have repeatedly been set forth in similar cases pending in the Eastern District in recent months.  *See, e.g.,* Dobson v. Allstate Insurance Co., 2006 WL 2078423, *4 (E.D.La.); Fidelity Homestead Association v. Hanover Insurance Co., – F.Supp.2d –, 2006 WL 2873562 (E.D.La.); Southern Athletic Club, LLC v. Hanover

Insurance Company, 2006 WL 2583406 *3 (E.D.La.); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D.La.); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D.La.); Bohannan v. Allstate Insurance Company, 06-7550 (E.D.La. December 2006).

Allstate argues improper joinder of the nondiverse party claiming that the allegations in Melerine's Petition do not state a cause of action against Chumney under Louisiana law.  In admittedly general terms, Melerine's Petition alleges that he sought professional advise from Chumney regarding procuring the correct amount of insurance protection and that he was not provided with a copy of his policy to review.  The pleading is factually sparse.  Melerine provided his affidavit, attached to his memorandum in support of his motion to remand, declaring that he relied on Chumney for advice, experience and expertise to procure insurance to protect his property from losses associated with hurricanes, and that each year he renewed his policy to cover his property for its full appraised value.

Allstate provided the affidavit of Andrew Powell, the Allstate agent who purchased Chumney's book of business and has been Melerine's Allstate agent since March 1, 2003.  Powell declared that Melerine first purchased his homeowner's policy in 1974 and renewed it annually with Property Insurance Adjustment increases, and that there have been no changes or endorsements

since Powell took over the servicing of the policy. At the 2005 renewal, the policy limits were $89,000.00 for the dwelling, $8,900.00 for other structures, and $44,500.00 for contents coverage. Allstate also provided a copy of the current policy.

Resolving ambiguities and disputed allegations in favor of the nonremoving party, at a bear minimum these allegations state a claim against Chumney under Louisiana law. *See, e.g.,* Landry v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531, 536-37 (E.D.La. 4/25/2006). Moreover, from the allegations in the complaint and the evidence before it, the Court cannot determine whether Melerine's claims against Chumney are perempted pursuant to La.R.S. 9:5606(A). These factual disputes must be resolved in favor of remand.

Finally, Allstate argues that Chumney is improperly joined as a defendant because the claims against it are distinct and separate from the claims against Chumney. Rule 20(a) of the Federal Rules of Civil Procedure provides for the joinder of defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

In this case, common questions of fact flowing from the same series of transactions or occurrences will arise in the contract

claims against the insurer and the tort claims against the agent, as both relate to the procurement of the policy at issue, its particular terms and extent of coverage, and the facts surrounding the loss suffered by plaintiff.  Moreover, a plaintiff is entitled to plead for relief in the alternative. *See, e.g.,* Schwartz, 2006 WL 980673 *4 for a discussion of the Fifth Circuit's jurisprudence regarding Rule 20(a) "misjoinder"; Dobson *12; Botnick v. Vigilant Insurance Co., 2006 WL 2947912 *7 (E.D.La. 10/13/06); Harrington v. Lexington Insurance co., 2006 WL 2192853 *3 (E.D.La. 8/1/06); Southern Athletic Club, LLC, 2006 WL 2583406 *4 (E.D.La. 9/6/06).

State Farm has not met its heavy burden of proving by clear and convincing evidence that removal was proper.

Accordingly,

**IT IS ORDERED** that Melerine's motion to remand is **GRANTED**, and the captioned matter, C.A. 06-7913, is hereby **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard for lack of subject matter jurisdiction.

New Orleans, Louisiana, January 24, 2007.

**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge